IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

**In re:**

| | | |
|---|---|---|
| **GREGORY B. MYERS** | * | |
| | * | Case No. 15-26033 WIL |
| Debtor. | * | Chapter 11 |
| | * | |
| _____ | * | |
| | | |
| **GREGORY B. MYERS** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Adversary Proceeding No. _____ |
| | * | |
| **SEASIDE III NEIGHBORHOOD** | * | |
| **ASSOCIATION, INC.** | * | |
| P.O. Box 4957 | * | |
| Santa Rosa Beach, FL 32459 | * | |
| | * | |
| Serve: Michele Anchors, Esq. | * | |
| Keefe, Anchors & Gordon, P.A. | * | |
| 2113 Lewis Turner Blvd., Ste. 1100 | * | |
| Fort Walton Beach, FL 32547 | * | |
| | * | |
| Defendant. | * | |
| _____ | | |

**DEBTOR'S COMPLAINT TO DETERMINE PRIORTY AND EXTENT OF LIEN
OF SEASIDE III NEIGHBORHOOD ASSOCIATION, INC., OBJECTION TO
<u>PROOF OF CLAIM NO. 3 AND NOTICE OF OBJECTION</u>**

Gregory B. Myers ("Debtor"), by and through his attorneys, James M. Greenan, Esq., Craig M. Palik, Esq. and McNamee, Hosea, Jernigan, Kim, Greenan & Lunch P.A., hereby files this Complaint to Determine Priority and Extent of Lien of Seaside III Neighborhood Association, Inc., Objection to Proof of Claim No. 3 and Notice of Objection (the "Complaint") pursuant to Rules 3003, 3007 and 7001 of the Federal Rules of Bankruptcy Procedure, and for

1

cause states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B) and (K).

3. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES

4. The Plaintiff and Debtor herein is a resident of the state of Florida.

5. Defendant Seaside III Neighborhood Association, Inc., is a corporation formed under the laws of the state of Florida.

## FACTS

6. On November 18, 2015 (the "Petition Date") the Debtor commenced the above referenced case under Chapter 11 of the United States Bankruptcy Code.

7. Since the Petition Date, the Debtor has continued in possession of his assets and has operated as a Debtor-in-Possession under §§ 1107 and 1108 of the Code. No committee of unsecured creditors has been appointed in this case.

8. On January 15, 2016, Seaside III Neighborhood Association, Inc. filed Proof of Claim (the "POC") docketed as Claim No. 3 in the above referenced Chapter 11 Case, in the secured amount of $43,700.75, a copy of which is attached hereto as **Exhibit A**.

9. Seaside III Neighborhood Association, Inc.'s alleged secured claim is based upon alleged unpaid homeowner association dues purportedly secured by a lien against property

2

known as Lot 6, Seaside 14 Subdivision, Santa Rosa Beach, Florida 32459 ("Lot 6").

10. Seaside III Neighborhood Association, Inc.'s secured claim of $43,700.75 purports to be supported by two attachments to the POC: (a) a partial account statement submitted by "Seaside Town Council, Inc.," and (b) a "Notice of Claim of Lien" filed by "Seaside Town Council, Inc." recorded among the land records of Walton County, Florida on August 26, 2010 in the amount of $2,895.40.

11. Debtor objects to the amount of Seaside III Neighborhood Association, Inc.'s POC and seeks a determination of the Court that Seaside III Neighborhood Association, Inc.'s alleged secured claim is unsecured, and further, that Seaside III Neighborhood Association, Inc. has no lien against Lot 6.

## COUNT I
### (Objection to Proof of Claim 11 U.S.C §502, Fed.R.Bank.P. 3007)

12. Debtor incorporates by reference the allegations contained in paragraphs 1-12 of the Complaint.

13. The partial statement of account attached to the POC on the billhead of "Seaside Town Council, Inc." does not fully disclose all of the charges asserted in the POC, but instead shows a balance carryforward owed of $32,187.02 as of December 31, 2014 and a detail of subsequent charges thereafter totaling $43,700.75 in the aggregate.

14. The Proof of Claim fails to include adequate supporting information of the kind required under Fed.R.Bankr.P. 3001(c).

15. It is therefore impossible for the Debtor to reconcile or understand what alleged charges are included in the calculation of Seaside III Neighborhood Association, Inc.'s alleged

3

POC.

16.     Debtor's bankruptcy schedules identify Seaside III Neighborhood Association, Inc. as an unsecured creditor with a balance owed of $0.00 as of the petition date.

17.     Debtor avers that the amount claimed by Seaside III Neighborhood Association, Inc. is unsubstantiated and overstated.

WHEREFORE, Debtor respectfully requests that his objection to Seaside III Neighborhood Association, Inc.'s Proof of Claim be sustained and disallowed in its entirety, or in the alternative, in an amount that can be substantiated by the production of proper supporting documentation, and that the Court order such other and further relief as this action may require.

## COUNT II
### (Determination of Secured Status 11 U.S.C. §506)

12.     The POC is filed in the name of "Seaside III Neighborhood Association, Inc." However, the Notice of Claim of Lien is filed in the name of "Seaside Town Council, Inc."

13.     The declarations under which Seaside Town Council, Inc. references in the POC as authority for recording the lien do not invest Seaside Town Council, Inc. with any lien rights it may assert relative to Lot 6 for purportedly unpaid homeowner's assessments. See referenced declarations at Book 2469, Page 788 and Book 337, Page 62, attached hereto as **Exhibits B and C**, respectively.

14.     Seaside Town Council, Inc. is therefore not the real party in interest entitled to claim a lien on Lot 6.

15.     Neither Seaside III Neighborhood Association, Inc. nor Seaside Town Council, Inc. have a perfected security interest relative to Lot 6 according to the procedure for perfecting

4

homeowner association liens identified in Fla. Statutes Section 720.3085.

**WHEREFORE,** Debtor respectfully requests that Seaside III Neighborhood Association, Inc.'s claim be deemed unsecured and only in an amount that can be substantiated by proper supporting documentation, and that the Court order such other and further relief as this action may require.

**NOTICE TO SEASIDE III NEIGHBORHOOD ASSOCIATION, INC., CLAIMANT**

Please take notice that:

**WITHIN 30 DAYS AFTER THE DATE OF SERVICE OF THE OBJECTION, THE CLAIMANT MAY FILE AND SERVE A MEMORANDUM IN OPPOSITION, TOGETHER WITH ANY DOCUMENTS AND OTHER EVIDENCE THE CLAIMANT WISHES TO ATTACH IN SUPPORT OF ITS CLAIM, UNLESS THE CLAIMANT WISHES TO RELY SOLELY UPON THE PROOF OF CLAIM. AN INTERESTED PARTY MAY REQUEST A HEARING THAT WILL BE HELD IN THE COURT'S DISCRETION.**

Respectfully submitted,

McNAMEE, HOSEA, JERNIGAN, KIM, GREENAN & LYNCH, P.A.

/s/ Craig M. Palik, Esq.
_____
James M. Greenan, Esq. (08623)
Craig M. Palik. Esq. (15254)
6411 Ivy Lane, Suite 200
Greenbelt, Maryland  20770
(301) 441-2420
(301) 982-9450 (f)
jgreenan@mhjlawyers.com
cpalik@mhlawyers.com

*Attorneys for Gregory B. Myers, Debtor*