**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

**In re:**

| | | |
|---|---|---|
| **GREGORY B. MYERS** | * | |
| | * | **Case No.  15-26033 WIL** |
| **Debtor.** | * | **Chapter 11** |
| | * | |
| _____ | * | |
| | | |
| **GREGORY B. MYERS** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Adversary Proceeding No.  16-0472** |
| | * | |
| **SEASIDE III HOA NEIGHBORHOOD** | * | |
| **ASSOCIATION, INC.** | * | |
| | * | |
| **Defendant** | * | |
| _____ | * | |

## MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT

Gregory Myers, ("Debtor") files this Motion for Order Approving Settlement Agreement (the "Motion") for entry of an order approving a settlement agreement (the "Settlement Agreement") with Seaside III HOA Neighborhood Association, Inc. ("Seaside III HOA") and Seaside Town Council, Inc., independently, or acting as agent for Seaside III HOA, (all of the foregoing collectively, the "Settlement Parties").  In support of this Motion, the Settlement Parties respectfully represent as follows:

### Jurisdiction

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This Motion is a core proceeding within the meaning of 28 U.S.C. § 157.

2.      The relief sought in this Motion is predicated upon § 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## The Bankruptcy Proceedings

3.      On November 18, 2015 (the "Petition Date"), the Debtor commenced a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code, Case No. 15-26033 WIL.  (the "Bankruptcy Case").

4.      Since the Petition Date, the Debtor has continued in possession of his assets and has operated as a Debtor-in-Possession under §§ 1107 and 1108 of the Code.  No committee of unsecured creditors has been appointed in this case.

## Sale of the Seaside, Florida Property and Escrow of Funds Pending Resolution of Disputed Claims

5.      The Debtor and his non-filing spouse, Barbara Ann Kelly ("Kelly"), owned unimproved residential real property known as Lot 6, Seaside 14, Santa Rosa Beach, Florida 32459 (the "Seaside Property").

6.      On September 28, 2016 the Debtor filed a Motion to Sell Real Property known as Lot 6, Seaside 14 Subdivision, Santa Rosa Beach, Florida 32459 Pursuant to 11 U.S.C. § 363(b) and § 363(f) of the Bankruptcy Code (the "Sale Motion") at the gross sales price of $1,772,500.00.

7.      The sale was approved by the Court and an order approving the sale was entered on October 25, 2016 (the "Sale Order").

8.      On October 27, 2016 a closing of the sale of the Seaside Property occurred resulting in net proceeds of $1,238,598.91, after the payment of the first mortgage, realtor commissions and other costs of sale (the "Net Proceeds").  Pursuant to the Sale Order, certain other alleged claims asserted against the Debtor and/or alleged to be secured by the Seaside

Property were not paid at the time of the closing to the extent each was disputed by one or more interested parties to this case. These disputed secured claims are identified below.

9.      Pursuant to paragraph 11 of the Sale Order, the Net Proceeds were ordered to be transmitted directly from the closing agent to the undersigned Debtor's counsel's attorney escrow account and "not to be used for any purpose whatsoever pending further application to, and Order of, the Court."

10.      Undersigned counsel received the Net Proceeds totaling $1,238,598.91, which were deposited into a non-interest bearing attorney escrow account pending further order of the Court.

## Secured Claims Asserted Against the Net Proceeds

11.      As identified in the Sale Order, the Net Proceeds remain subject to the liens, if any, of the following claimants, which liens and/or claim amounts is/are disputed by one or more parties:

| | | |
|---|---|---|
| Seaside III HOA | 8/26/2010 Recorded Notice of Lien | $43,700.75 |
| Offit Kurman, P.A. | 1/13/2014 Recorded Mortgage | $550,000.00 |
| Serv Trust | 6/27/2014 Recorded Mortgage | $951,804.00 |
| Regions Bank | 9/19/2014 Recorded Judgment | $320,879.74 |

12.      The Debtor filed Adversary Proceedings to determine the priority and extent of liens against Regions Bank, Offit Kurman, P.A., and Seaside III HOA, which are currently pending.

13.      The Debtor settled the claim of Regions Bank with a payment in the amount of $128,351.90, which was approved by order of the Court dated December 7, 2016.

14.      The remaining amount of Net Proceeds in Debtor's Counsel's Attorney Escrow Account as of this filing of this Motion is $1,110,247.01

## The Debtor's Adversary Case Against Seaside III HOA

15.     On October 18, 2016, the Debtor filed a Complaint to Determine the Priority and Extent of Lien of Seaside III HOA in the amount of its proof of claim of $43,700.75 (the "POC"), Objection to Scheduled Claim and Notice of Objection (the "Seaside III HOA Adversary Complaint") commencing the Adversary Proceeding styled as <u>Myers v. Seaside III HOA Neighborhood Association, Inc.</u>, Adversary Proceeding No. 16-00472 (the "Adversary Proceeding").

16.     The Debtor alleges in the Seaside III HOA Adversary Complaint that a partial statement of account attached to the POC on the billhead of "Seaside Town Council, Inc.," that did not fully disclose all of the charges asserted in the POC as required under Fed.R.Bankr.P. 3001(c) and that the Notice of Claim of Lien filed in the name of "Seaside Town Council, Inc." is not properly recorded among the land records of Walton County, Florida and does not constitute a lien against real property owned by the Debtor and Kelly, including the Seaside Property and the Net Proceeds.

17.     Seaside III HOA did not file a response to the Complaint, but has been in discussions with the Debtor regarding its claim and has agreed to settle on the terms stated herein.

**The Settlement Agreement**

18.     The Settlement Parties have reached the following Settlement Agreement to fully and finally resolve all disputes between them relative to the Adversary Proceeding or otherwise, upon the following stated terms:

    a.   The Debtor will pay to Seaside III HOA the sum of $22,931.66 ("Settlement Payment") from the Net Proceeds, representing the principal amount of Seaside III HOA's claim and excluding/waiving all interest, penalties and fees.

b. Upon the occurrence and performance of all required terms of the Settlement Agreement, herein, and the performance of all obligations under this Settlement Agreement, the Settlement Parties, and also Kelly and Seaside III HOA, agree to release one another of any and all legal, equitable, administrative and/or other claims, demands, setoffs, defenses, accounts, suits, debts, dues, actions, causes of action, remedies, proceedings, arbitrations, damages, executions, judgments, findings, controversies and disputes of any kind provided, however, that the property known as Lot 13, Seaside 15, is not subject to this Settlement Agreement or release.

c. Seaside III HOA and/or Seaside Town Council, Inc., as appropriate, will record a Satisfaction and Release of the Notice of Lien Claim after receipt of the Settlement Payment, and the Order approving the Settlement Agreement shall have become final.

d. The Settlement Agreement shall be effective upon the entry of a final and non-appealable order of the Bankruptcy Court approving the Motion and the payment within five (5) business days thereafter of the Settlement Payment from the Net Proceeds currently held in the Debtor's attorneys' escrow account.

e. In the event the Settlement Agreement is not approved by the Court, Kelly may pay the Settlement Payment within 10 days of the Court disallowing the settlement.

19.    The Settlement Agreement is the product of good faith, arms-length negotiations. It fully resolves, on negotiated terms, all issues and disputes between the Settlement Parties, pursuant to the Settlement Agreement relative to the Adversary Proceeding.  If the Motion is approved, the Settlement Parties will avoid the additional costs, delays and uncertainties of litigation in connection with claims, actions and other matters that are currently pending.

## **Relief Requested**

20.    By this Motion, Settlement Parties seek the entry of an Order approving the Settlement Agreement and Motion and authorizing the Settlement Parties to take any actions reasonably necessary to effectuate its terms.

## **Applicable Standard**

21.    Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order . . . necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  Bankruptcy Rules 9019 also provides that: "[o]n motion by the trustee and

- 5 -

after notice and a hearing, the court may approve a compromise or settlement."  Bankruptcy courts also recognize that settlements are "'a normal part of the process of reorganization.'" Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968) (quoting Case v. Los Angeles Lumber Prods. Co., 308 U.S. 106, 130 (1939)).

22.     The decision to approve a compromise under Bankruptcy Rule 9019 is within the discretion of the Court which must determine if the compromise or settlement is fair and equitable.  See In re Frye, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997); In re Marvel Entertainment Group, Inc., 222 B.R. 243 (D. Del. 1998).  The Court is not required to conduct a "mini-trial" of the underlying case, but instead must only decide whether the settlement proposed falls "below the lowest point in the range of reasonableness."   In re Austin, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995) (citations omitted); see also In re Jasmine, Ltd., 258 B.R. 119, 123 (D.N.J. 2000).

23.     Factors which bankruptcy courts consider when evaluating a settlement under Bankruptcy Rule 9019 include:  (i) the probability of success in the litigation; (ii) the complexity, expense and likely duration of the litigation; (iii) all other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise, including potential difficulties in collection, if any; and (iv) whether the proposed compromise is fair and equitable to the debtors, their creditors, and other parties in interest.  See Protective Comm. for Indep. Stockholders, 390 U.S. at 424; In re Frye, 216 B.R. at 174; In re Austin, 186 B.R. at 400; In re Martin, 91 F.3d 389, 393 (3d Cir. 1996) (stating that "[t]o minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy" and citing criteria set forth above in determination of reasonableness of particular settlements) (internal quotation marks and citation omitted); Official Committee of Unsecured Creditors v. White Plains Joint Venture, 1994 U.S. App. LEXIS 1282, at *10 (4th Cir. Jan. 26, 1994) (compromises are favored in bankruptcy).

- 6 -

24.     Basic to the process of evaluating proposed settlements, therefore, is "the need to compare the terms of the compromise with the likely rewards of litigation."  Protective Comm. for Indep. Stockholders, 390 U.S. at 425.

### Basis for Relief

25.     The Settlement Agreement set forth above represents a fair, reasonable and negotiated compromise and settlement of heavily litigated and disputed issues and claims between the Settlement Parties.  As a result, the Settlement Parties believe that the Settlement Agreement is in the best interests of the Debtor, its estate and creditors, and should therefore be approved.

### Waiver of Memorandum of Points and Authorities

26.     This Motion includes citations to applicable statutory authority and a discussion of their application to this Motion.  The Settlement Parties submit that such citations and discussion satisfy the requirement imposed by Rule 9013-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Maryland that this Motion be accompanied by a separate memorandum of law in support of this Motion.

**WHEREFORE**, the Settlement Parties respectfully request that the Court enter an order (i) approving the Settlement Agreement, (ii) authorizing the Settlement Parties to take any and all actions reasonably necessary to consummate the Settlement Agreement, and (iii) granting the Debtors such other relief as is just and appropriate.

Dated: February 14, 2017.                              Respectfully submitted,

/s/ Craig M. Palik
_____
James M. Greenan, Esq. (08623)
Craig M. Palik, Esq. (15254)
McNamee Hosea
6411 Ivy Lane, Suite 200

Greenbelt, Maryland 20770
Email: cpalik@mhlawyers.com
Tel: 301-441-2420
*Counsel for Gregory Myers, Debtor*


## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 14th day of February, 2017, a copy of the foregoing Motion for an Order Approving Settlement Agreement was sent, via first class U.S. mail postage prepaid or electronic transmission, to the parties on the attached mailing matrix.

/s/ Craig M. Palik
_____
Craig M. Palik, Esq.

- 8 -

#48744375_v2